# CURRENT OHIO COURT of APPEALS CASES

## Weekly Advance Abstract Opinions

### No. 495

**FIDELITY & CASUALTY CO. v. HARTZELL BROS. CO.**

Ohio Appeals, Seventh District, Mahoning County
Decided March 23, 1923

**FIRE AND THEFT INSURANCE—(1) Notice to sub-agent is notice to company—(2) Affect of provision in policy limiting agent's power to change policy—(3) Affect of company's knowledge of purpose of policy.**

FARR, J.

#### Epitomized Opinion

This is an action brought on an insurance policy. On Dec. 20, 1919, the Insurance Company issued to Hartzell its policy of insurance for burglary covering their stock of merchandise in the city of Youngstown. On the night of April 22, 1920, the store was burglarized and an amount of Merchandise taken therefrom including a number of silk shirts and probably some silk neckties. Upon the assurance of the sub-agent of the Company that the policy covered silk materials, the plaintiff took out the policy in question. The Insurance Company refused to pay for the loss, claiming that the policy specifically exempted silk goods. On the other hand the plaintiff contended that the Company's sub-agent specifically assured it that the policy covered silk materials and that the sub-agent had taken the matter up with the Cleveland representative where the judgment of the sub-agent was confirmed. As the trial in the lower court resulted in a verdict for the plaintiff, error was prosecuted to the Court of Appeals. In sustaining the judgment of the lower court, the Court of Appeals held:

1. A sub-agent of a Life Insurance Company appointed to represent it in a particular branch of its business becomes in reference thereto, the direct representative of the Company, and notice of a fact to him will operate as notice to the Company, and it will be bound by acts done by him in respect to that branch of its business entrusted to him.

2. As to such matters made known to its agent the Insurance Company is deemed to have knowledge notwithstanding a clause in the policy provides that "no officers, agent, or other representative of the Company shall have power to waive any provision or condition of this policy except by agreement endorsed thereon or added thereto."

3. As the Insurance Company had full knowledge of the fact that the policy was issued with the understanding that it was to cover silk materials, the provision in the policy to the contrary could not be relied upon by the Insurance Company to absolve itself from liability.

### No. 496

**REARICK v. STROHL**

Ohio Appeals, Sixth Dist., Sandusky County

**ERROR—(1) Judgment affirmed.**

KINKADE, J.

#### Epitomized Opinion

Error to Sandusky Common Pleas
Judgment Affirmed

Strohl received $1000 in an action for damages sustained by reason of a collision with an automobile driven by Rearick. Held by Court of Appeals in affirming Judge Wierman of Port Clinton, Ohio:

Substantial justice having been done the judgment will not be interfered with.

**Attorneys**—Culbert & Culbert, for Rearick; A. V. Baumann, Jr., for Strohl.

### No. 497

**TAYLOR v. COHASSET BOULEVARD Co. et al**

Ohio Appeals, Seventh District, Mahoning County
Decided March 31, 1923

**BUILDING RESTRICTIONS—(1) Restrictive covenants in a deed or contract may be enforced by injunction under certain circumstances—(2) Purchaser of lot not chargeable with notice or restrictions as to others merely because his deed contain them—(3 Party cannot be enjoined where he has no notice of general plan of improvement (4) Circumstances showing that party was not subject to an injunction.**

POLLOCK, J.

#### Epitomized Opinion

The defendant allotment company purchased a tract of land consisting of about 53 acres. This land was divided up into 97 lots, which were sold to various purchasers. The deed and contract under which Klingensmith purchased his lot (the lot now owned by plaintiff) contained a condition which was made a mutual condition between the grantee and all persons purchasing lots in this same sub-division, prohibiting, among other things, more than one house on a lot. In 1918 Sarah Williams purchased a lot in this allotment under a land contract which permitted her to erect two dwelling houses upon the same. In 1921 the plaintiff acquired her lot from Klingen smith. At the time the plaintiff purchased her lot there were nearly 70 deeds and contracts conveying various lots in this allotment, all containing this mutual condition except the land contract to Mrs. Williams. When the plaintiff learned that the Williams property was not so restricted she brought suit against the Boulevard Company to enjoin it from conveying by deed the lot in question without containing the restriction. The evidence disclosed that apparently the Boulevard Company intended to divide the Williams lot into two lots, but this was never done upon the plans of the allotment. It also disclosed that Mrs. Williams knew generally that there were various restrictions in the deeds. As the case was appealed from the decision of the lower court in refusing the injunction, the Court of Appeals held:

1. Where a general plan of uniform restrictions has been adopted by the owners of an allotment, and such plan generally and publicly advertised, and the owners covenant that all sales of lots in that allotment will be made subject to these restrictions, such restrictive covenants may be enforced by injunction.

2. The purchaser of a lot in an allotment whose deed contains restrictions as to the use of the lot is not chargeable from that fact alone with notice that like restrictions are contained in the deeds to other purchasers of lots in the allotment.

3. A lot owner cannot maintain an action to enforce by injunction the observance of restrictions where it does not appear that the latter purchased his lot with notice of a general plan for the improvement of the lots or with notice of such restrictions or were inserted for mutual benefit.

4. As Mrs. Williams did not know at the time she purchased her lot that there were going to be such restrictions on this property so that she could not build two houses on what she understood and had a right to understand would be two lots, she cannot be enjoined from erecting two houses upon this property.

Injunction refused.